UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BELISSA TUCKER | CIVIL ACTION NO. |
| Plaintiff, | JUDGE: |
| VERSUS | MAGISTRATE |
| HARBOR FREIGHT TOOLS USA, INC | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") files this Notice of Removal to remove this case from the 9th Judicial District Court for the Parish of Rapides, Louisiana, to the United States District Court for the Western District of Louisiana. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, this action is properly removable to this Court and is hereby removed.

### BACKGROUND

1. On March 7, 2022, Plaintiff filed her Petition for Damages ("Petition") in the 9th Judicial District Court for the Parish of Rapides, Louisiana, alleging that she suffered bodily injuries while shopping at a Harbor Freight store in Alexandria, Louisiana, which injuries she claims are the fault of unreasonable dangerous conditions caused by Harbor Freight. *See* Ex. A (Citation, Petition for Damages, and all process, pleadings, and orders served upon Harbor Freight).

2. The state court Citation and Petition were served on Harbor Freight on March 16, 2022. *See* Ex. B (State Court Docket Report); Ex. C (Proof of Service).

3.     Harbor Freight files this Notice of Removal within 30 days of service of the Citation and Petition, in accordance with 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

4.     This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) because (i) the plaintiff and the defendant are citizens of different states, and (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.     Plaintiff asserts in her Petition that she is domiciled in the Parish of Orleans, Louisiana.  *See* Petition, p.1.  She is, therefore, a citizen of Louisiana for purposes of diversity jurisdiction.  *See Mas v. Perry,* 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile.").

6.     Harbor Freight is a corporation organized under the laws of Delaware, with its principal place of business in Calabasas, California.  See Ex. D (Declaration of Marc Friedman), ¶¶ 3-4.  Thus, pursuant to 28 U.S.C. § 1332(c)(1), Harbor Freight is a citizen of Delaware and California for purposes of diversity jurisdiction.

7.     Complete diversity of citizenship exists between plaintiff and Harbor Freight under 28 U.S.C. § 1332.

8.     Plaintiff's claim also meets the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332(a), exclusive of interests and costs.  While Harbor Freight denies that Plaintiff is entitled to any relief, Plaintiff's claim unequivocally places more than $75,000 in controversy.

9.     The Louisiana Code of Civil Procedure does not permit a plaintiff to allege a specific amount of monetary damages in the petition.  *See* La. Code Civ. Proc. art. 893 (A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.").  However, the Louisiana Code of Civil Procedure

does require that, when the plaintiff alleges that the amount in controversy is less than the amount necessary to establish federal court jurisdiction, a statement that the claim "is less than the requite amount is required." *Id.* Here, plaintiff's Petition does not include any allegation of the specific amount of damages requested or any statement that the amount at issue is less than the jurisdictional amount of the federal courts, indicating that the amount at issue is more than $75,000, exclusive of interests and costs. *See Coltrin v. Rain CII Carbon, L.L.C.*, No. 2:09 CV 837, 2012 WL 13054732, at *2 (W.D. La. Apr. 18, 2012) (denying remand when plaintiff failed to "disclaim entitlement to damages or attorney's fees in excess of the jurisdictional amount").

10. Moreover, on January 24, 2022, shortly before filing the Petition, plaintiff sent Harbor Freight a demand letter expressly demanding payment in the amount of $200,000.00 to resolve plaintiff's personal injury claim. *See* Ex. E (Demand Ltr. dated Jan. 24, 2022). The demand letter clearly expresses that plaintiff is seeking to recover an amount substantially in excess of the amount in controversy requirement of 28 U.S.C. § 1332(a).

11. Where the Petition is not conclusive as to the amount in controversy, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Burch v. JPMorgan Chase Bank, N.A.*, 821 F. App'x 390, 391 (5th Cir. 2020) (same). Importantly, a defendant may make this allegation either "by demonstrating that it is 'facially apparent' that the claims are likely above $75,000" or "by setting forth the *facts* in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

12. Additionally, Fifth Circuit caselaw is clear that pre-removal settlement offers are

"valuable evidence to indicate the amount in controversy at the time of removal." *Stone v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A.08-3859, 2008 WL 4507827, at *2 (E.D. La. Oct. 2, 2008); *see also Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (considering letter from plaintiff's counsel to defendants wherein the stated amount in controversy exceeded the jurisdictional amount). In fact, because a "plaintiff's settlement offer . . . is obviously discounted by the risk of an outright loss at trial, settlement offers are compelling evidence of the *minimum* amount in controversy." *Fennell v. Walgreen Co.*, No. SA-20-CV-01275-XR, 2020 WL 7334121, at *3 (W.D. Tex. Dec. 11, 2020) (citing *Pollet v. Sears Roebuck & Co.*, No. 01-31309, 2002 WL 1939917 (5th Cir. July 18, 2002) and *Ham v. Bd. of Pensions of Presbyterian Church (U.S.A.)*, No. Civ. 3:04-CV-2692-P, 2005 WL 6271207, at *3 (N.D. Tex. Mar. 8, 2005)).

13. Accordingly, plaintiff's failure to allege in her Petition that the relief sought is less than the federal jurisdictional minimum, as required by article 893 of the Louisiana Code of Civil Procedure, and plaintiff's express written demand for payment of $200,000 to resolve her claims, sufficiently establishes that the amount in controversy exceeds the $75,000, exclusive of interests and costs. *See Hines v. Wal-Mart Stores, Inc.,* No. 3:14-CV-00183-BAJ, 2014 WL 3000147, at *3 (M.D. La. July 2, 2014) (denying motion for remand and holding that defendant produced evidence sufficient to show that the amount in controversy requirement was satisfied where defendant attached plaintiff's "pre-suit settlement demand of $100,000").

**VENUE AND PROCEDURAL REQUIREMENTS**

14. The 9th Judicial District Court, Parish of Rapides, State of Louisiana is located within the United States District Court for the Western District of Louisiana. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

15. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Citation and Petition, as well other process, pleadings, motions, and orders served upon Defendant in the State Court Action or otherwise available from the state court's file are attached collectively as Exhibit A.

16. This Notice of Removal is timely, in accordance with 28 U.S.C § 1446(b)(1). Harbor Freight was served on March 16, 2022. This Notice of Removal on behalf of Harbor Freight is being filed within thirty days of receipt.

17. Consent to removal by the other defendants is not required because there are no other defendants. 28 U.S.C. § 1446(b)(2)(A).

18. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the 9th Judicial District Court, Parish of Rapides, State of Louisiana, and promptly served on plaintiff, after filing of this Notice of Removal.

19. Harbor Freight does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

20. If any question arises as to the propriety of this removal, Harbor Freight requests the opportunity to present written and oral argument in support of removal.

## CONCLUSION

For the foregoing reasons, Harbor Freight hereby removes this action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. §§ 1441 and 1446, and invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.

Dated: April 14, 2022

Respectfully submitted,

*Stephen R. Klaffky*
Craig Isenberg (LA 29603)
Stephen R. Klaffky (LA 36211)
Taylor L. Gamm (LA 39623)
Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.
909 Poydras Street, Ste. 2350
New Orleans, LA  70112
Phone: (504) 589-9700
Fax:     (504) 589-9901
cisenberg@barrassousdin.com
sklaffky@barrassousdin.com
tgamm@barrassousdin.com

*Attorneys for Harbor Freight Tools USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF systems which will send a notice of electronic filing to all CM/ECF participants.  I further certify that I emailed the foregoing document to all counsel of record and sent the same to all counsel of record by placing it in the United States mail, postage prepaid.

*Stephen R. Klaffky*